1   Michael S. Hayworth (Admitted Pro Hac Vice)
2   Stephen C. Thomas (Admitted Pro Hac Vice)
    Hayworth, Chaney, & Thomas P.A.
3   202 North Harbor City Blvd., Suite 300
4   Melbourne, Florida 32935
    Telephone: (321) 253-3300
5   Facsimile: (321) 253-2546
6   mhayworth@hctlaw.com
    sthomas@hctlaw.com
7
8   Russell W. Roten (State Bar No. 170571)
    J. Robert Renner (State Bar No. 148587)
9   Duane Morris LLP
    633 West 5th Street, Suite 4600
10  Los Angeles, California 90071-2065
11  Telephone: (213) 689-7400
    Facsimile: (213) 689-7401
12  rroten@duanemorris.com
13  rrenner@duanemorris.com

14  Attorneys for Plaintiff Royce Mathew
15
16  Sanford M. Litvack (SBN 177721)
    Lawrence Brocchini (Admitted pro hac vice)
17  David R. Singer (SBN 204699)
    Hogan & Hartson LLP
18  1999 Avenue of the Stars, Suite 1400
19  Los Angeles, California 90067
    Telephone: (310) 785-4600
20  Facsimile: (310) 785-4601
21  slitvack@hhlaw.com
    lbrocchini@hhlaw.com
22  drsinger@hhlaw.com
23
    **Attorneys for Defendants**
24
25
26
27
28

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
MAY - 3 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

CLERK U.S. DISTRICT COURT
APR 26 2007
CENTRAL D...          ...TY
BY

CV06-4303 PSG (FMOx)

DOCKETED ON CM
MAY - 3 2007
BY              174

1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DISTRICT

| | |
|---|---|
| ROYCE MATHEW, | |
|       Plaintiff, | Case No. CV06-4303 PSG (FMOx) |
| v. | STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISCOVERY FROM NON-PARTY CREATIVE ARTISTS AGENCY |
| THE WALT DISNEY COMPANY, et al., | |
|       Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff, Defendants, and Creative Artists Agency, LLC that production of documents or testimony by non-party Creative Artists Agency, LLC or any of its employees or representatives (collectively "CAA") pursuant to any subpoena served upon them in this case shall be subject to and governed by the Stipulation And Protective Order entered into between Plaintiffs and Defendant and so ordered by the Court, a copy of which is Exhibit 1 hereto. It is further stipulated and agreed that CAA shall be treated as a "designating party" as that term is defined

\\NY - 032031/000010 - 973568 v1

1  in said Protective Order, and that CAA shall be granted all rights granted to the

2  parties under the terms of the order.

3

4                                    Respectfully submitted,

5  Date: 4/26/07          BY:

6                              Michael S. Hayworth (pro hac vice)

7                              Stephen C. Thomas (pro hac vice)
                                Hayworth, Chaney, & Thomas P.A.

8                              202 North Harbor City Blvd., Suite 300

9                              Melbourne, Florida 32935

10                                  *Attorneys for Plaintiff Royce Mathew*

11  Date: 4/25/07           BY:

12                              Sanford M. Litvack (SBN 177721)

13                              Lawrence Brocchini (pro hac vice)
                                David R. Singer (SBN 204699

14                              Hogan & Hartson LLP

15                              1999 Avenue of the Stars, Suite 1400

16                              Los Angeles, California 90067

17                                  *Attorneys for Defendants*

18  Date: April 25, 2007    BY:

19                              Greg David Derin (SBN 089350)

20                              10100 Santa Monica Boulevard, Suite 2300
                                Los Angeles, California 90067

21                              Telephone: (310) 552-1062
                                Facsimile: (310) 552-1068

22

23                                  *Attorney for CAA*

24  SO ORDERED:         5/3/07

25

26          U.S.M.J.

27  **FERNANDO M. OLGUIN**

28

                                    3

SCANNED

1  Sanford M. Litvack (SBN 177721)
   Lawrence Brocchini (admitted *pro hac vice*)
2  David R. Singer (SBN 204699)
   HOGAN & HARTSON L.L.P.
3  1999 Avenue of the Stars, Suite 1400
   Los Angeles, California 90067
4  Tel: (310)785-4600 / Fax: (310) 785-4601
   slitvack@hhlaw.com. lbrocchini@hhlaw.com,
5  drsinger@hhlaw.com

6  Attorneys for Defendants

7  Michael S. Hayworth (admitted *pro hac vice*)
   Stephen C. Thomas (admitted *pro hac vic*)
8  HAYWORTH, CHANEY, & THOMAS P.A.
   202 North Harbor City Blvd., Suite 300
9  Melbourne, Florida 32935
   Tel: (321) 253-3300 / Fax:  (321) 253-2546
10 mhayworth@hctlaw.com, sthomas@hctlaw.com

11 Russell W. Roten (State Bar No. 170571)
   J. Robert Renner (State Bar No. 148587)
12 DUANE MORRIS LLP
   633 West 5th Street, Suite 4600
13 Los Angeles, California 90071-2065
   Telephone: (213) 689-7400
14 Facsimile: (213) 689-7401
   rroten@duanemorris.com, rrenner@duanemorris.com

15
   Attorneys for Plaintiff

**ORIGINAL**

FILED
CLERK, U.S. DISTRICT COURT

DEC - 8 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority
Send        ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

LODGED

16

17
18
19

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DISTRICT

20
21   ROYCE MATHEW,

22              Plaintiff,

23        v.

24   THE WALT DISNEY COMPANY, *et al.*,

25              Defendants.

26
27
28

NOTE CHANGES MADE BY THE COURT.

Case No.  CV06-4303 PA (FMOx)
Complaint filed on July 7, 2006

**STIPULATION AND
[PROPOSED] PROTECTIVE
ORDER**

Hon. Percy Anderson
Courtroom 15

DOCKETED ON CM

DEC - 8 2006

FILED
CLERK, U.S. DISTRICT COURT

DEC - 8 2006

1

4

# STIPULATION

WHEREAS, plaintiff Royce Mathew ("Plaintiff") and defendants The Walt Disney Company, Disney Enterprises, Inc., Walt Disney Pictures (d/b/a Buena Vista Motion Pictures Group and The Walt Disney Studios, and formerly known as Walt Disney Pictures and Television), Buena Vista Home Entertainment, Inc., Buena Vista Pictures Distribution, First Mate Productions, Inc., Buena Vista Television, Buena Vista Games, Inc., Jerry Bruckheimer, Inc. (referred to at times as Jerry Bruckheimer Films), Ted Elliott, and Terry Rossio ("Defendants"), believe that certain information that has or may be disclosed in discovery in this action constitutes trade secrets or other confidential research, development, or commercial information, or information of a sensitive nature that is not generally known or readily accessible to the general public and that may cause harm to one or more of the parties if such information is disclosed to the general public;

WHEREAS, the parties believe that a protective order is necessary to protect such information from improper disclosure;

WHEREAS, the parties have reached agreement on the terms of an acceptable protective order, to be entered by the Court pursuant to Federal Rules of Civil Procedure, Rule 26(c);

WHEREAS, counsel for each party have consulted with their respective clients, and have explained to them the legal consequences that this Stipulation will have on their respective substantive and procedural rights, and having done so, said parties have authorized their respective counsel of record to execute and enter into this Stipulation and proposed Protective Order;

5

1          NOW, THEREFORE, Plaintiff and Defendants, jointly and severally,

2   through their respective counsel of record, hereby stipulate to entry of the proposed

3   Protective Order set forth below.

4

5

6

7   Dated:  December 4, 2006         HOGAN & HARTSON LLP

8

9                    By: _____

10                     Sanford M. Litvack
                          Lawrence Brocchini

11                     David R. Singer

12                    Attorneys for DEFENDANTS

13

14   Dated:  December 4, 2006

15                    HAYWORTH, CHANEY, & THOMAS P.A.

16                    By: _____

17                     Michael S. Hayworth
                     Stephen C. Thomas

18                    DUANE MORRIS LLP

19                    Russell W. Roten
                     J. Robert Renner

20                    Attorneys for PLAINTIFF

21

22

23

24

25

26

27

28

3

6

# PROTECTIVE ORDER

1.       As used in this Protective Order, "Confidential Information" refers to information that a party, ~~a third party, or a witness~~ (the "designating party") claims to be its trade secret or confidential research, development, commercial, or financial information, or other information protected from disclosure by the right of privacy.  Confidential Information also includes information of a sensitive nature that is not generally known or readily accessible to the general public and that may cause harm to the designating party if disclosed to the general public.  Information to be treated under this Protective Order as Confidential Information shall include:

(a)      Information voluntarily furnished or set forth in response to discovery requests, provided that, prior to disclosure to the receiving party, the information or responses are plainly marked or otherwise identified by the producing party on at least the caption page with a legend bearing the word "CONFIDENTIAL";

(b)      Information set forth in documents made available for inspection by the producing party voluntarily or under the Federal Rules of Civil Procedure, and that are identified at the time of inspection as comprising Confidential Information;

(c)      Information set forth in any copies of documents produced to the discovering party voluntarily or under the Federal Rules of Civil Procedure, provided that, prior to delivery of the copies to the receiving party, the copies are marked by the producing party, preferably at the lower edge of each page, with a

7

1   legend bearing the work "CONFIDENTIAL" and an identifying document control

2   number prefixed with one or more letters identifying the producing party;

3

4          (d)     Information revealed by inspection of things or premises

5   voluntarily or under the Federal Rules of Civil Procedure, provided that, prior to the

6   inspection, the party permitting inspection or another designating party states in

7   writing that its Confidential Information will be disclosed by the inspection and

8   specifies in writing those parts of the things or those areas of the premises in which

9   its Confidential Information will be revealed;

10

11          (e)     Information revealed during depositions under the Federal Rules

12   of Civil Procedure or pursuant to subpoena, except that the information revealed

13   during any particular deposition shall cease to be Confidential Information thirty

14   days after the deposition transcript becomes available, unless before the thirty day

15   period has expired, any party, ~~any third party, the witness, his employer,~~ or his

16   counsel designates that Confidential Information of the party, ~~third party, witness or~~

17   ~~his employer~~ is set forth in the transcript and identifies the portions of the transcript

18   that contain Confidential Information. ~~In the case of third party witnesses, either a~~

19   ~~party, a third party or the witness~~ may designate information revealed as its

20   ~~Confidential Information within thirty (30) days after the deposition transcript~~

21   ~~becomes available. Information contained in depositions transcripts that became~~

22   ~~available before the date of entry of this Protective Order~~ may be designated as

23   ~~Confidential Information within thirty (30) days after entry of this Protective Order;~~

24

25          (f)     Any other information revealed by any of the methods set forth

26   in (a) through (e) of paragraph 1 above that any party, ~~any third party~~ or their

27   counsel designates in writing as being Confidential Information of the party ~~or third~~

28   ~~party.~~ The party ~~or third party~~ may designate any such information as its

8

Confidential Information within thirty (30) days after the information is produced in discovery. Information that became available before the date of entry of this Protective Order may be designated as Confidential Information within thirty (30) days after entry of this Protective Order; and

(g)     Any summary, digest, analysis, or comment on any information identified in categories (a) - (f).

2.     In the event that information that a designating party believes is entitled to protection as Confidential Information is inadvertently produced or any inspection proceeds without the proper designation hereunder, the designating party may notify the receiving party, and the receiving party shall thereafter treat the information as Confidential Information. If, prior to receiving such notice, the receiving party has disseminated the Confidential Information to individuals not authorized to receive it hereunder, the receiving party shall make a reasonable effort to retrieve the Confidential Information or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Information. If information that a designating party believes is entitled to protection as Confidential Information is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality for such information.

3.     Confidential Information shall not be used or disclosed by the parties, counsel for the parties, all persons to whom counsel or the parties have disclosed Confidential Information pursuant to this Protective Order, or any other persons identified below, for any purposes whatsoever other than preparing for and conducting the litigation in this action (including any appeal). The parties and their counsel shall not disclose or cause Confidential Information to be disclosed in any

1  form or media, to any person, entity or organization not authorized to receive such

2  Confidential Information under the terms of this Protective Order.

3

4          4.    The parties and counsel for the parties shall not disclose or

5  permit the disclosure of any Confidential Information to any other person or entity

6  except to (a) the Court under seal, pursuant to the procedures set forth in paragraph

7  8 of this Protective Order and Local Rule 79-5, or (b) the persons set forth in

8  subparagraphs (i)-(vii) below. However, any disclosures of Confidential

9  Information to persons described in subparagraph (v)-(vii) shall only be made after

10  such persons have read this Stipulation and Protective Order and, in advance of the

11  disclosure, signed an Undertaking, in the form attached hereto as Exhibit A, that he

12  or she has read and understands the terms of this Protective Order and agrees to be

13  bound by it. Subject to these requirements, the following categories of persons may

14  receive Confidential Information pursuant to this Protective Order:

15

16          (i)    counsel of record and employees of counsel of record for the

17  parties who have responsibility for the preparation and trial of the lawsuit;

18

19          (ii)    co-counsel of record and employees of co-counsel of record for

20  the parties who have responsibility for the preparation and trial of the lawsuit;

21

22          (iii)   in-house counsel who are responsible for assisting, directing, or

23  communicating with counsel of record in the lawsuit;

24

25          (iv)   the parties and party-affiliated entities (i.e., parent, subsidiary, or

26  sister companies), including their corporate representatives, officers, directors or

27  employees, to the extent counsel deems such disclosure necessary to the conduct of

28  the litigation;

7

10

(v)     court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

(vi)    consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit to the extent that any such expert is not currently an employee, officer, or director of any competitor of the designating party, and does not currently and has not for the past five (5) years acted as a consultant to any company that is a competitor of the designating party, unless such expert's prior consulting work was de minimis;

(vii)   representatives of the parties' respective insurers who have agreed to provide coverage with respect to the defense of claims in this action; and

(viii)  other persons only upon consent of the other parties or upon order of the Court and on such conditions as are agreed to or ordered.

5.      Any party, third party or witness may designate especially sensitive Confidential Information as being produced for ATTORNEYS' EYES ONLY.  This designation shall be made as sparingly as possible.  Where the marking or designation of documents, testimony, pleadings, or things is required under paragraph 1 above, a legend bearing the words "ATTORNEYS' EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "CONFIDENTIAL."  Confidential Information that is designated ATTORNEYS' EYES ONLY may be disclosed only to the Court under seal, pursuant to the procedures set forth in paragraph 8 of this Protective Order and Local Rule 79-5,

11

1  and to the individuals identified in subparagraphs (i), (ii), (iii), (v), (vi), (vii), and

2  (viii) of paragraph 4 above.

3

4        6.    Information revealed during depositions or pursuant to subpoena

5  may be designated ATTORNEYS' EYES ONLY and shall be maintained as

6  ATTORNEYS' EYES ONLY, except that the information revealed during any

7  particular deposition shall cease to be ATTORNEYS' EYES ONLY thirty days

8  after the deposition transcript becomes available, unless before the thirty day period

9  has expired, the designating party or its counsel specifies that ATTORNEYS'

10  EYES ONLY information of the designating party is set forth in the transcript and

11  identifies the portions of the transcript that set forth that ATTORNEYS' EYES

12  ONLY information.  In the case of third party witnesses, ~~either~~ a party, ~~a third party~~

13  ~~or the third party witness~~ may designate information revealed as its ATTORNEYS'

14  EYES ONLY information within thirty (30) days after the deposition transcript

15  becomes available.  Information contained in depositions transcripts that became

16  available before the date of entry of this Protective Order may be designated as

17  ATTORNEYS' EYES ONLY within thirty (30) days after entry of this Protective

18  Order

19

20        7.    Any disclosure of Confidential Information to an individual

21  listed in items (i) through (vii) under paragraph 4 above shall be limited to the

22  information, documents and/or things that counsel believes are reasonably required

23  for such individual to assist in preparation for proceedings in this action.

24

25        8.    In the event a party seeks to file with the Court or use at trial or

26  any hearing Confidential Information subject to protection under this Protective

27  Order, and does not intend to request to have the records filed under seal, the filing

28  party shall give written notice to the designating party identifying the Confidential

12

1   Information it intends to file.  The designating party will then have 15 days to apply

2   to the Court and obtain an order permitting the Confidential Information to be filed

3   under seal pursuant to Local Rule 79-5.  The parties shall stipulate to a shortened

4   notice period for such application.

5

6          9.     Absent extraordinary circumstances making prior consultation

7   impractical or inappropriate, the party seeking to submit the information to the

8   Court shall first consult with counsel for the party who designated the information

9   as confidential to determine if some measure less restrictive than filing the

10  information under seal may serve to provide adequate protection.  This duty exists

11  irrespective of the duty to consult on the underlying motion.

12

13         10.    If a document containing Confidential Information is filed with

14  the Court, it shall be filed with the Clerk of the Court in a sealed envelope with a

15  copy of the case title page attached to the front of the envelope, and the following

16  notation:

17

18              "Filed Under Seal – Contains

19              CONFIDENTIAL INFORMATION

20              To be Opened Only By or As Directed by the Court"

21

22         11.    All copies, duplicates, extracts, summaries or descriptions

23  (hereinafter referred to collectively as "copies") of documents containing

24  Confidential Information, or any portion of such documents, shall be immediately

25  affixed with the designation "CONFIDENTIAL" if the word does not already

26  appear on the copy.  All such copies shall be afforded the full protection of this

27  Protective Order.

28

13

12.    This Stipulation and Protective Order is without prejudice to the right of any party to move this Court for an Order further restricting disclosure or use of any Confidential Information.

13.    In the event of any accidental or inadvertent disclosure of Confidential Information other than in a manner authorized by this Stipulation and Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of the Confidential Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Confidential Information in any form.  Compliance with the foregoing shall not prevent the designating party from seeking further relief from the Court.

14.    The recipient of any Confidential Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Confidential Information as is exercised by the recipient with respect to its own confidential information of a similar nature, but in no event less than due care.  Each recipient of any Confidential Information produced in this action hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Stipulation and Protective Order.

15.    ~~This Protective Order is valid throughout the course of this litigation (defined to include all proceedings herein, appeals and/or remands) and shall survive the termination of this litigation.  All provisions of this Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.~~ Once a case proceeds to trial, all of the information that was designated as confidential and/or kept and maintained pursuant to the terms of this protective order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the district judge in advance of the trial to proceed otherwise

11

14

16.   Within thirty (30) days after the conclusion of this case, including conclusion of any appeals, all documents containing Confidential Information, including copies as defined above, shall be returned to the designating party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to Confidential Information so long as that work product does not duplicate verbatim substantial portions of the Confidential Information.   This work product continues to be Confidential Information under the terms of this Order.

IT IS SO ORDERED.

DATE: __12\8\06__          ___Fenish M. Olg___

UNITED STATES ~~DISTRICT~~ COURT JUDGE

Magistrate

15

# EXHIBIT A

I, _____, being duly sworn, state that:

1.     The state and county of my residence is _____ and
_____. My current employer is_____. My
business address is _____. My business telephone
number is _____. My current occupation is
_____.

2.     I have received a copy of the Stipulation and Protective Order in
this action, and I have carefully read and understand the provisions of the
Stipulation and Protective Order.

3.     I will comply with all of the provisions of the Stipulation and
Protective Order. I will hold in confidence, will not disclose to anyone, and will
use only for the purposes set forth in the Stipulation and Protective Order any
Confidential Information that is disclosed to me.

4.     Promptly upon termination of this action, I will return all
Confidential Information that came into my possession, and all documents or things
that I have prepared relating thereto, to counsel for the party by whom I am
employed or retained.

///
///
///
///
///

16

5.    I hereby submit to the jurisdiction of this Court in this action for the purpose of enforcement of this Stipulation and Protective Order.

_____
(Signature)

Subscribed and sworn to before me

on this _____ day of _____, 2006

_____
Notary Public

14

17

## PROOF OF SERVICE

I, **Dolores Valencia**, declare as follows:

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, State of California, and not a party to the above-entitled cause. My business address is Hogan & Hartson L.L.P.,1999 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067.

On **December 6, 2006**, I served the foregoing document described as

### STIPULATION AND [PROPOSED] PROTECTIVE ORDER

on following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Michael S. Hayworth, Esq.
Stephen C. Thomas, Esq.
**Hayworth, Chaney, & Thomas P.A.**
202 N. Harbor City Blvd., Suite 300
Melbourne, FL 32935
Tel: (321) 253-3300
Fax: (321) 253-2546

Attorney(s) for Plaintiff

**DELIVERED BY UNITED PARCEL SERVICE)**

Russell W. Roten, Esq.
J. Robert Renner, Esq.
**Duane Morris LLP**
633 West 5th Street, Suite 4600
Los Angeles, CA 90071-2065
Tel: (213) 689-7400
Fax: (213) 689-7401

Attorney(s) for Plaintiff

**(DELIVERED BY UNITED PARCEL SERVICE)**

[ ] **BY MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] **BY FACSIMILE** - I caused said document to be transmitted by facsimile transmission to the number indicated after the address(es) noted above.

[ ] **BY PERSONAL SERVICE** - I caused such envelope to be delivered by hand to the office of the addressee.

[X] **BY UNITED PARCEL SERVICE** - I caused such envelope to be delivered to UPS for overnight courier service to the offices of the addressee(s) listed above.

[ ] **STATE** - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[x] **FEDERAL** - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on **December 6, 2006** at Los Angeles, California 90067.

**Dolores Valencia**
Name

Signature

18

1  Michael S. Hayworth (admitted *pro hac vice*)
   Stephen C. Thomas (admitted *pro hac vic*)
2  HAYWORTH, CHANEY, & THOMAS P.A.
   202 North Harbor City Blvd., Suite 300
3  Melbourne, Florida 32935
   Tel: (321) 253-3300 / Fax:  (321) 253-2546
4  mhayworth@hctlaw.com, sthomas@hctlaw.com

5  Russell W. Roten (State Bar No. 170571)
   J. Robert Renner (State Bar No. 148587)
6  DUANE MORRIS LLP
   633 West 5th Street, Suite 4600
7  Los Angeles, California 90071-2065
   Telephone:  (213) 689-7400
8  Facsimile:  (213) 689-7401
9  rroten@duanemorris.com, rrenner@duanemorris.com

10 Attorneys for Plaintiff

11 Sanford M. Litvack (SBN 177721)
   Lawrence Brocchini (admitted *pro hac vice*)
12 David R. Singer (SBN 204699)
   HOGAN & HARTSON L.L.P.
13 1999 Avenue of the Stars, Suite 1400
   Los Angeles, California 90067
14 Tel: (310)785-4600 / Fax:  (310) 785-4601
   slitvack@hhlaw.com. lbrocchini@hhlaw.com,
15 drsinger@hhlaw.com

16 Attorneys for Defendants
17

18          **UNITED STATES DISTRICT COURT**

19          **CENTRAL DISTRICT OF CALIFORNIA**

20                  **WESTERN DISTRICT**

21

| 22 | ROYCE MATHEW, | Case No.  CV06-4303 PSG (FMOx) |
|----|---|---|
| 23 | Plaintiff, | **DISCOVERY MATTER** |
| 24 | v. | **PROOF OF SERVICE** |
| 25 | THE WALT DISNEY COMPANY, *et al.*, | Magistrate Judge Fernando M. Olguin |
| 26 | | Hearing Date:  May 9, 2007 |
| 27 | Defendants. | Time:  10:00am |
| 28 | | Place:  Courtroom F |

1

**Discovery Cutoff:**
**Phase I Liability:  May 28, 2007**
**Phase II Damages:  October 8,**
**2007**

**Pre Trial Conference: November**
**19, 2007**
**Trial Date:  December 11, 2007**

[Fed.R.Civ.P. 26(b)(2)(A);
30(a)(2)(A); L.R. 37-2]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 633 West Fifth Street, Suite 4600, Los Angeles, California 90071.

On April 26, 2007, I served the following documents:

1.  Stipulation and [Proposed] Protective Order re Discovery from Non-Party Creative Artists Agency

on the interested parties in this action, at the address listed below, as follows:

Sanford M. Litvack, Esq.
Lawrence Brocchini, Esq.
David R. Singer, Esq.
Hogan & Hartson LLP
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067

I caused to be served by messenger for personal delivery that same day the documents listed in a sealed envelope to the above persons at the address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 26, 2007, at Los Angeles, California.

2

20

Diane Martinez

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

21